IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELI H. RADFORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-1059-M-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On May 3, 2002, Petitioner Eli H. Radford, a former Texas prisoner, plead guilty to aggravated robbery with a deadly weapon and was sentenced to twenty years imprisonment. *See State v. Radford*, F-0176220-TJ (Crim. Dist. Ct. No. 2, Dallas Cty. Tex. May 3, 2002); *see* Dkt. No. 29-1 at 32.

Radford did not file a direct appeal. Dkt. No. 8 at 3. Radford signed his first state habeas application challenging the aggravated robbery conviction on November 16, 2006. *See* Dkt. No. 29-1 at 14. The Texas Court of Criminal Appeals (CCA) denied the application without written order on the findings of the trial court without a hearing. *Ex parte Radford*, WR-66,598-01 (Tex. Crim. App. Jan. 17, 2007); Dkt. No. 29-1 at 2.

Radford subsequently filed two additional state habeas applications challenging the aggravated robbery conviction. He signed his second application on December 7, 2011. *See* Dkt. No. 29-2 at 16. The CCA dismissed the second application without written order as a subsequent application. *Ex parte Radford*, WR-66,598-02

(Tex. Crim. App. Feb. 15, 2012); Dkt. No. 29-2 at 2. Radford signed a third state habeas application on August 1, 2014. Dkt. No. 29-4 at 21. The CCA dismissed the third application without written order as a subsequent application on October 15, 2014. *Ex parte Radford*, WR-66,598-03 (Tex. Crim. App. Oct. 15, 2014); Dkt. No. 29. 3.

Nearly seven years later, Radford filed this federal habeas application, which he placed into the prison mail, as best the undersigned can tell, on May 5, 2021. *See* Dkt. No. 3 at 7. He subsequently filed an amended petition, as well as a memorandum in support. *See* Dkt. Nos. 8, 18.

United States District Judge Barbara M. G. Lynn referred the Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The State responded to the petition on November 4, 2021, *see* Dkt. No. 28, and, shortly thereafter, on December 21, 2021, Radford discharged his sentence. He has not filed a reply to the State's response.

For the reasons explained below, Radford is not entitled to federal habeas relief.

**Legal Standards and Analysis**

The undersigned understands Radford to make the following claims for habeas relief:

1. He was mentally incompetent at the time of "court preparation and punishment hearing";

2. His counsel was ineffective for not investigating;

2

3. His convictions violate double jeopardy; and,

4. Due to counsel's ineffectiveness, he was sentenced to twenty years of imprisonment and denied his constitutional rights.

*See* Dkt. Nos. 3, 8, 18.

### A. Subject Matter Jurisdiction

The State argues that this Court lacks subject matter jurisdiction over challenges to sentences that expired before Radford filed this federal habeas application, namely, a 2002 assault conviction (F-0134788-KJ) and a 2000 possession of a controlled substance conviction (F-0050881-J) that Radford mentions in his application. Dkt. No. 8 at 2.

The undersigned agrees because Radford was not "in custody" in relation to those convictions when he filed his federal habeas application.

A federal court lacks subject matter jurisdiction to entertain a petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient

3

to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony or enhance future punishment, held insufficient to satisfy the "in custody" requirement).

So, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (Dennis, J. ord.) (citing *Maleng*, 490 U.S. at 492).

Here, Radford discharged his assault sentence on December 11, 2008 and the possession of a controlled substance sentence on February 26, 2001, long before he filed this habeas application. *See* Dkt. No. 28-2 at 3. And any collateral consequences from those convictions are not enough to meet the "in custody" requirement. *Maleng*, 490 U.S. at 492.

To the extent that Radford is directly attacking either of those convictions, the Court lacks subject matter jurisdiction over his claims, and they should be dismissed.

But the Court does have subject matter jurisdiction over Radford's attack on the aggravated robbery conviction even though the sentence for that conviction was discharged during this litigation. *See, e.g.*, *Fletcher v. Baker*, No. 4:00-CV-1780-A, 2001 WL 1597805, at *2 n.2 (N.D. Tex. Dec. 11, 2001) (noting that, "[o]nce the

4

jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending"; (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

**B. Timeliness.**

The State argues that Radford's habeas application – to the extent that it attacks the 2002 aggravated robbery conviction for which he was imprisoned when he filed it – is time-barred. The undersigned agrees.

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* §

2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1]

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

---

circumstance" (citation omitted)).

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547

Here, Radford makes no argument for an accrual date other than the date on which the aggravated robbery judgment became final pursuant to Section 2244(d)(1)(A). And no such argument is apparent from the record. There is no indication that any unconstitutional state action prevented Radford from filing his petition or that he could not have discovered the factual predicate of his claims prior to his state court judgment becoming final. Nor is this a case involving a newly-recognized constitutional right. Like most cases, Radford's claims accrued when his aggravated robbery conviction became final pursuant to Section 2244(d)(1)(A).

The district court entered judgment on May 3, 2002. Dkt. No. 28-1 at 2, 4; Dkt. No. 29-1 at 32. Radford did not file a direct appeal (Dkt. No. 8 at 3), so that judgment became final for limitations purposes 30 days later – on June 3, 2002 (June 2, 2002, was a Sunday). *See* TEX. R. APP. P. 26.2(a)(1); *see also Jenkins v. Dir., TDCJ-CID*, No. 22-cv-777-G-BN, 2022 WL 2251029, at *3 (N.D. Tex. Apr. 28, 2022), *rec. accepted* 2022 WL 2237501 (N.D. Tex. June 22, 2022). Thus, absent tolling, Radford's federal habeas application was due on or before June 3, 2003 – nearly 18 years before he filed it.

And, while Radford filed three state habeas applications in relation to the aggravated robbery conviction, tolling under Section 2244(d)(2) is inapplicable

---

U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citations modified)).

8

because those applications were filed after the federal limitations period expired. *See* Dkt. No. 29-1 at 1, 14 (indicating that WR-66,598-01 was signed by Radford on November 16, 2006, and was received by the CCA on December 27, 2006); Dkt. No. 29-2 at 1, 16 (indicating that WR-66,598-02 was signed by Radford on December 7, 2011, and was received by the CCA on January 23, 2012); Dkt. No. 29-4 at 1, 20 (indicating that WR-66,598-03 was signed by Radford on August 1, 2014, and was received by the CCA on September 25, 2014); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation expired."; (emphasis in original)).

As for equitable tolling, Radford does not argue for it, and no basis for it is apparent from the record.

In sum, the Court should dismiss Radford's attack on his 2002 aggravated robbery conviction with prejudice as time-barred.

### C. Procedural Default

Alternatively, the State argues that Radford procedurally defaulted all but one of his grounds for habeas relief concerning the aggravated robbery conviction because he failed to properly exhaust them and would be barred from doing so now. The undersigned agrees that most of Radford's claims, in addition to being time-barred, are procedurally defaulted.

Under the AEDPA, a federal court may not grant habeas relief on any claim that the state prisoner has not exhausted in the state corrective process available to

9

protect his rights. *See* 28 U.S.C. § 2253(b)(1)(A); *Harrington v. Richter*, 562 U.S. 86, 103 (2011). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'") (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

And unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner

presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9.

Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). An exception to this procedural bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Here, Radford appears to claim that he was mentally incompetent at the time of "court preparation and punishment hearing" because of psychotic medications. Dkt. No. 3 at 1; Dkt. No. 8 at 6. But he did not raise this claim to the CCA in his first state habeas application. He instead argued that he was incompetent or insane at the time of the offense. *See* Dkt. No. 29-1 at 12. Again, to properly exhaust, the factual basis for the claim presented to the state court must the same as that presented to the federal court. *See, e.g., Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

Because the factual basis for the mental incompetence or insanity claim that Radford presents here differs from that presented in his first state habeas application, it is unexhausted, and the abuse of the writ doctrine would preclude Radford from trying to exhaust it now. And, because Radford fails to make the

11

requisite cause and prejudice showing to excuse the procedural default, the Court should deny the mental incompetence claim as procedurally defaulted.

In his second ground for relief, Radford claims that his attorney was ineffective for not investigating the false allegations. The State admits that Radford exhausted this claim, so the undersigned addresses its merits below. The State claims that ground two also contains a claim that "the proceedings should have resulted in a dismissal." Dkt. No. 28 at 2. The undersigned does not read Radford's petition and briefing to contain such a claim – although the documents are admittedly difficult to decipher. To the extent that such claim is presented, the undersigned agrees that that it is unexhausted, that Radford could not raise it now, and that Radford fails to show cause and prejudice in relation to it, so it should be denied.

In his third ground for relief, Radford claims that his convictions violate double jeopardy. He did check a box in his first state habeas application indicating that he sought to challenge his aggravated robbery conviction as "obtained by a violation of the protection against double jeopardy." Dkt No. 29-1 at 10. But he included no facts supporting that claim. *See id.* at 11-12. Given the absence of any facts or explanation regarding the claim, the CCA did not have a fair opportunity to consider it, and it is not exhausted. *See, e.g., Harper v. Lumpkin*, 19 F.4th 771, 778 (5th Cir. 2021) (noting that arguments raised in a perfunctory manner – such as a footnote – are waived because they do not give the state court a fair opportunity to consider the claim); citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003); quoting in turn *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002))).

12

Because the Texas abuse of the writ doctrine would preclude Radford from raising a double jeopardy claim now, it is procedurally defaulted. And Radford fails to show cause and prejudice to excuse the default; so, this claim should be denied.

Finally, the State construes Radford's fourth claim to be that, "due to counsel's ineffectiveness, he was sentenced to twenty years of imprisonment and denied his constitutional rights." Dkt. No. 28 at 2. Although the specifics of this claim are difficult to discern, the undersigned agrees that the State's construction of it is correct. Radford failed to present this claim in his first state habeas application. It therefore is unexhausted and is now procedurally defaulted, and Radford fails to show cause and prejudice to excuse the default. And so the claim should be denied.

Finally, as noted, Radford did file two state habeas applications that were dismissed as subsequent petitions. *See Ex parte Radford*, WR-66,598-02; Dkt. No. 29-2 at 2; *Ex parte Radford*, WR-66,598-03; Dkt. No. 29-3. To the extent that Radford raised any claims in those petitions other than what he raised in his initial state application, those claims are also procedurally defaulted and should not be considered here absent a showing of cause and prejudice. This is because – in addition to the rule above that an unexhausted claim is barred if the petitioner could no longer present it because of the abuse of the writ doctrine – "[a] federal habeas claim is [also] procedurally defaulted when the state court has based its rejection of the claim on a state procedural rule that provides an adequate basis for relief, independent of the merits of the claim." *Coleman*, 501 U.S. at 729-32. To be "adequate" to support the judgment, the state law ground must be both "firmly established and regularly

13

followed" by the state courts. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (internal quotation marks and citations omitted).

It is well-established that "the Texas abuse of the writ doctrine….is an independent and adequate state ground for the purpose of imposing a procedural bar." *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) (citing *Kumkle v. Dretke*, 352 F.3d 980, 988-89 (5th Cir. 2003); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1997)).

And, again, Radford does not show cause or prejudice to excuse the default, so any claims presented only in his second or third state habeas applications are procedurally barred.

In sum, even were Radford's claims timely, they are – except for the failure to investigate claim – procedurally defaulted and should be denied on that basis.

### D. Ineffective Assistance of Counsel

Radford's sole exhausted claim is that his attorney failed to investigate his case. As explained below, Radford waived this claim when he plead guilty.

A valid guilty plea generally waives constitutional deprivations occurring prior to the plea, except a habeas claim challenging the validity of the guilty plea itself. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000). And this waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

And "[a] federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "The defendant must be shown to understand the nature of the charges and the consequence of the plea." *Grabowski v. Jackson Cty. Pub. Def. Office*, 47 F.3d 1386, 1389 (5th Cir. 1995) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969); *Hobbs v. Blackburn*, 752 F.2d 1079 (5th Cir. 1985); *Diaz v. Martin*, 718 F.2d 1372 (5th Cir. 1983)).

Here, the state habeas court determined that Radford's guilty plea was knowing and voluntary. *See* Dkt. No. 29-1 at 27-29. Radford does not appear to challenge that finding, and, even if he did, he would have to clear the AEDPA's relitigation bar.

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'

15

or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

Radford fails to show that the state habeas court's finding that his guilty plea was knowing and voluntary was unreasonable. As the State notes, the plea agreement admonished Radford that he was charged with aggravated robbery, a first-degree felony, and set out the punishment range for that offense. *See* Dkt. No. 29-1 at 24. Radford represented in his plea agreement that he understood all the admonitions in the agreement; that he was mentally competent; that he read and understood the accusation against him and the range of punishment for the offense, as well as the consequences of pleading guilty; and that his statements and waivers were "freely and voluntarily made with full understanding of the consequences." *See*

16

*id.* at 24-25.

Radford must overcome the presumption of regularity and "great weight" accorded to these court records. *See, e.g., United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Radford fails to overcome that presumption. He offers no argument as to why the Court should overlook the signed plea agreement. He has therefore failed to show that the state habeas court's finding that his guilty plea was knowing and voluntary resulted in a decision that was contrary to – or an unreasonable application of – clearly established federal law as determined by the United States Supreme Court, or that it resulted in a decision that was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

Thus, in addition to being untimely, Radford's failure-to-investigate ineffective assistance of counsel claim is also waived. *See, e.g., Rodriguez v. United States*, Civil Action No. 4:16cv706, 2019 WL 2112998, at *4 (E.D. Tex. Mar. 14, 2019), *rec. accepted* 2019 WL 2099925 (E.D. Tex. May 14, 2019) (finding that failure-to-investigate IAC claim – as a nonjurisdictional defect that occurred prior to the plea – was waived because of knowing and voluntary guilty plea) (citing *Tollett v. Henderson*, 411 U.S.

17

258, 267 (1973); *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984)).

## Recommendation

The Court should dismiss Radford's application for a writ of habeas corpus for lack of subject matter jurisdiction to the extent that it attacks his assault conviction (F-0134788-KJ) and/or his possession of a controlled substance conviction (F-0050881-J). The Court should dismiss Radford's petition as time-barred to the extent that it attacks his aggravated robbery with a deadly weapon conviction (F-0176220-TJ), or, alternatively, deny it.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: March 8, 2023.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE